No. 736

SHEPPARD & MYERS, Inc. v. PEER et.

Ohio Appeals, 9th Dist., Lucas Co.

No. 379. Decided Oct. 16, 1926.

First Publication of this Opinion.

884. PAROL EVIDENCE.—707. Leases.—Parol evidence, of conditions precedent to taking effect of written contract, is admissible.

Appeal from Common Pleas.
Decree for Defendants.

Glitsch & Stack, Lorain, for Sheppard & Myers.

Walter D. Meals, Cleveland, for Peer.

PER CURIAM.

M. F and W. J. Peer had a lease on certain property which lease was to run about five years. The first story of the property was a business room and the second story consisted of office and living room. The defendants occupied the second story and sublet the business room and basement to plaintiffs, Sheppard & Myers, Inc., under a written lease covering the period of defendant's lease.

The property was partially destroyed and rendered uninhabitable by a tornado known as the Lorain Disaster, which occurred on June 28, 1924. Two days thereafter, plaintiffs and defendants met on the destroyed premises, and, with the expectation that the owner of the building would restore same, entered into a written agreement in which defendants agreed to restore the storeroom and plaintiffs were not to pay rent until such restoration was made.

The owners did not restore the building, but sold the same, and consequently the lease of defendants was cancelled in accordance with its terms, because of partial destruction of the building. Plaintiffs thereafter made a new lease, at an increased rental, with the new owners and subsequently defendants themselves purchased the property from the new owners and rebuilt the same and restored said storeroom, and plaintiffs went into possession under the new lease.

Plaintiffs brought their action against the defendants in the Lorain Common Pleas to recover damages from defendants because of their failure to comply with their agreement to restore said storeroom. Defendants set up that there was a conditional delivery of said agreement; that the rebuilding of the building by the owners was a condition precedent to their being liable under their agreement to restore the storeroom and deliver possession of same to plaintiffs. Defendants prayed that the said agreement be reformed so as to express said condition precedent, and that plaintiff's action be dismissed. The court found for defendants and granted the relief prayed for.

Parol evidence of conditions precedent to the taking effect of a written contract is admissible; but parol evidence that a written contract should cease to be effective upon the happening of a certain event, is not admissible. In other words, one may prove by parol testimony that at time a written contract was delivered, it was not to go into effect and be operative until some further event had happened.

It was quite evident, from the testimony, that neither party expected the storeroom to be restored unless the building was rebuilt; and it is also apparent that there was no expectation on part of either, that the defendants would go to the expense of restoring the entire building when their lease had but two years more to run.

We find that it was understood by the parties that said agreement to restore the storeroom was not to be effective and enforceable unless the owners rebuilt said building and defendant's lease of said premises continued in effect; and a decree in favor of defendants, in accordance with the lower courts finding, may be drawn.

(Pardee, PJ., Washburn and Funk, JJ., concur.)